

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JESSICA QUINT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TRIDENT MANAGEMENT INC.,<br><br>Defendant. | Civ. Case No.: 5:14-CV-206-FL |

### CLASS ACTION COMPLAINT FOR VIOLATION OF
### WARN ACT, 29 U.S.C. § 2101, *ET SEQ.*

Plaintiff JESSICA QUINT ("Plaintiff") alleges on behalf of herself and a class of similarly-situated former employees against Trident Management, Inc. ("Trident" or "Defendant") by and through her counsel as follows:

### NATURE OF THE ACTION

1. On or about March 28, 2014, and within thirty (30) days of that date, Defendant terminated without notice the employment of approximately 200 full-time employees.

2. Plaintiff brings this action on behalf of herself and other similarly-situated former employees who were terminated without cause by Trident, as part of, or as the foreseeable result of, plant closings or mass layoffs, and who were not provided 60 days advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

3. Plaintiff and all similarly-situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Acts, from Defendant.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

5. This court has personal jurisdiction over Trident, because its headquarters is located in this District.

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1391 because this is the judicial district in which Trident resides.

## THE PARTIES

### *Plaintiff*

7. At all relevant times, Plaintiff was employed by Defendant.

8. Ms. Quint had worked for approximately two years at Trident's facility located at 1930 N Poplar St., Southern Pines, North Carolina (the "Facility") until her termination on or about March 28, 2014. Her base rate of pay was approximately $8 per hour.

9. At all relevant times, the other similarly-situated former employees worked at the Facility, as that term is defined by the WARN Act, until their terminations within 30 days of March 28, 2014.

### *Defendant*

10. Defendant is a Delaware corporation with its principal place of business located at 1930 N Poplar St., Southern Pines, North Carolina, and conducted business in this district.

11. Defendant is in the business of developing marketing and sales channels for consumer brands.

2

12. Upon information and belief, Defendant terminated the Plaintiff and approximately 200 other similarly-situated former employees, from its workforce of approximately 350 employees, in a mass layoff or plant closing without providing 60-days' advance notice.

## FEDERAL WARN ACT CLASS ALLEGATIONS

13. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on her own behalf and on behalf of all other similarly-situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to Defendant's Facility and were terminated without cause on or about March 28, 2014, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant on or about March 28, 2014, and within 30 days of that date, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

14. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

15. On information and belief, the identity of the members of the class and the recent residence address of each WARN Class Member is contained in the books and records of Defendant.

16. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

3

17. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

   i. whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facility;

   ii. whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

   iii. whether Defendant unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

18. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class Members, worked at or reported to Defendant's Facility and was terminated by Defendant without cause on or about March 28, 2014, and within 30 days of that date, in mass layoffs and/or plant closings, as defined by 29 U.S.C. § 2101(a)(2), (3).

19. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

20. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

21. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

22. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Fed. R. Civ. P. Rule 23.

## CLAIMS FOR RELIEF
### Federal Warn Act Cause of Action

23. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24. At all relevant times, Defendant employed more than 200 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

25. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facility.

26. On information and belief, on or about March 28, 2014, Defendant effected mass layoffs and/or plant closings at the Facility, as those terms are defined by 29 U.S.C. § 2101(a)(2).

27. Defendant controlled the decisions culminating in the termination of the Plaintiff and the other similarly-situated employees on or about March 28, 2014, and within 30 days of that date.

28. On information and belief, on or about March 28, 2014, and within 30 days of that date, Defendant effected mass layoffs and/or plant closings at the Facility as that term is defined by 29 U.S.C. § 2101(a)(2).

29. The mass layoffs or plant closings at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least one hundred of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

30. Plaintiff and similarly situated employees had worked for more than six-months for Defendant prior to March 28, 2014 and each worked more than 20 hours per week on average.

31. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facility.

32. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101 (a)(5).

33. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

34. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

35. The Plaintiff and each of the Class Members, are "aggrieved employees" of Defendant, as that term is defined in 29 U.S.C. § 2104 (a)(7).

6

Case 1:14-cv-00287-CCE-JLW   Document 4   Filed 04/03/14   Page 6 of 8

36. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and the other similarly-situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

E. Such other and further relief as this Court may deem just and proper.

Dated: April 3, 2014

Respectfully submitted,

By: _____
Mark S. Hartman, NC State Bar No. 29254
**Davis Hartman Wright PLLC**
209 Pollock Street

New Bern, NC 28560
Telephone: (252) 514-2828
Facsimile: (252) 240-9205
msh@dhwlegal.com

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for Plaintiff and the Putative Class*